CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED to
RHS
MAR 11 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES D. BRISCOE,** | ) | |
| **Plaintiff,** | ) | Civil Action No. 7:08cv00204 |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DOCTOR SHAWDRY, et al.,** | ) | By: Hon. Jackson L. Kiser |
| **Defendants.** | ) | Senior United States District Judge |

Plaintiff James D. Briscoe, an inmate at Southwest Virginia Regional Jail in Meadowview, Virginia, filed this pro se action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff alleges that his constitutional rights have been violated by his placement in administrative segregation and the alleged denial of medical care. Plaintiff seeks damages in the amount of "five thousand dollars a day for every day [he is] held in isolation and [his] medicines are withheld." Upon review of the record, I conclude that plaintiff's claims regarding administrative segregation fail to state a claim upon which relief can be granted and, therefore, must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for the reasons stated herein.[1] However, given that plaintiff's claims of denial of medical treatment may state a claim if properly particularized and amended, those claims will not be dismissed; in due course, the magistrate judge will enter an appropriate order regarding those claims.

## I. FACTUAL SUMMARY[2]

Plaintiff states, in his "Claim #1," that he "came to this jail on a non-violent charge and have

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[2] The facts have been adduced from the complaint and attachments submitted in support thereof.

1

been placed in an [sic] maximum security isolation cell for no reason [that he] can ascertain." An inmate request/complaint form that plaintiff submitted on February 10, 2008, stated that plaintiff "came to this jail on a non-violent class 6 felony warrant" and wanted "to know the specific reason" he was "being held in maximum security." He added that he had been "placed in segregated housing Feb. 9th 2008." In a response dated February 11, 2008, plaintiff was informed that he was "appropriately housed and classed at this time" and that he would "be moved from 9A (Seg) as soon as a [sic] available cell with matching classification is available."

Dissatisfied with this response, plaintiff filed another inmate request/complaint form, dated February 12, 2008, which stated:

> I came to this jail on a non violent charge. I have been placed in segregated isolation cell. I complained to a counselor who wrote me back and said I was being approinpiatly [sic] housed. I disagree. I believe I am being punished because of a prior felony conviction. I believe this is double jeopardy and it is illegal. I request to be moved to a pod (minor or med security) same as other non violent charge inmates.

In a response dated February 14, 2008, plaintiff was informed that "[t]he assignment of a particular classification is neither an inmate right, nor an administrative obligation," that "[t]here are many factors that classification is based on, including past charges," and that his classification was reviewed weekly.

## II. ANALYSIS

As previously noted, a petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious, or if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted

2

from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

To the extent plaintiff alleges he has been confined in segregated housing without due process, plaintiff's claim fails. A prison disciplinary action implicates a liberty interest requiring federal due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Having reviewed plaintiff's complaint, the court concludes that plaintiff has failed to allege facts sufficient to establish that the conditions or length of his confinement in administrative segregation pose an atypical and significant hardship. See Beverati, 120 F.3d at 504 (holding that a six-month term in segregation did not impose an atypical hardship where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions); see also In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471-72 (4th Cir. 1999) (indefinite duration of the segregation does not render it unconstitutional), cert. denied, 528 U.S. 874 ("In re Five Percenters"); Jackson v. Smith, 91 F.3d 130 (Table), 1996 WL 380254 (4th Cir. 1996) (unpublished) (affirming district court's judgment as a matter of law that confinement in isolation did not implicate a due-process protected liberty interest); Sadler v. Young, Civil Action No. 7:04cv00580, slip op. at *9 (W.D. Va. April 28, 2006) (finding that the imposition of disciplinary isolation does not amount to an atypical prison condition); Wells v. Mattern, Civil Action No. 7:06cv00223, slip op. at *2 (W.D. Va. June 12, 2006) (citing Kennedy v. Blankenship,

3

100 F.3d 640, 642 n. 2, 642-43 (8th Cir. 1996) (holding that placement in punitive isolation was not an atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges)); Hutto v. Finney, 437 U.S. 678, 686 (1978) (finding that confinement to punitive isolation does not implicate cruel and unusual punishment unless conditions themselves are cruel and unusual); Sheley v. Dugger, 833 F.2d 1420, 1428-29 (11th Cir. 1987) (same); Gibson v. Lynch, 652 F.2d 348, 352 (3d Cir. 1981) (same).

Plaintiff does not possess a liberty interest in avoiding confinement in administrative segregation; therefore, he is not entitled to due process protections prior to such confinement. Sandin, 414 U.S. at 484; Beverati, 120 F.3d at 504; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison"); Hewitt v. Helms, 459 U.S. 460, 468 (1983) (prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison.); Meachum v. Fano, 427 U.S. 215, 224 (1976) (same); Hamm-Bey v. Johnson, Civil Action No. 7:05cv00559, 2005 WL 2563029 at *2 (W.D. Va. Oct. 11, 2005) (finding that a move to a new security level and coinciding limits to inmate's potential to earn good conduct credit does not trigger federal due process protections).

Accordingly, plaintiff's claims arising from his confinement in segregation will be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Based on the foregoing, I find that these claims do not constitute a violation of plaintiff's

4

constitutional rights and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER:** This ____11th____ day of March, 2008.

Senior United States District Judge